RECEIVED
IN CLERK'S OFFICE
SEP - 1 2010
U.S. DISTRICT COURT
MID. DIST. TENN.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

JOEY QUINTIN PERRYMAN
JOSEPH MONROE BENNETT
EDWARD ROGERS BLACKBURN III
JOHN PHILLIP JOSEY
TONY CURTIS BENSON
GRADY THURMAN MCMAHAN JR.
JOSEPH DANIEL THOMAS
TREVOR LEE BOLIN
ANTHONY VON JACKSON
BARRY LYNN MCCORMICK
WAYNE LEE YEARGAN

CIVIL NO. _____

* JURY TRIAL DEMAND
RULE 38 F.R.C.P. *

-vs-

STEPHEN GRAVES
PAM FREEMAN
ANN WELCH

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C.A. § 1983

I. INTRODUCTION

The plaintiff's would respectfully move this Honorable court to treat this suit for redress as a class-action complaint.

## II. PLAINTIFF/PARTIES

The plaintiff's¹, Joey Q. Perryman, was at all times pertinent to this cause of action, at all times relevant herein. The plaintiff maintains an address at: Joey Q. Perryman, 300 Hillsboro Blvd. Manchester, TN 37355.

## III. DEFENDANT/PARTIES

The Defendant, Stephen Graves, is the Sheriff for for the Coffee County Jail; The Defendant, Pam Freeman, is the Jail Administrator for the Coffee County Jail; The Defendant, Ann Welch, is the Lt. for the Coffee County jail. As such, the defendants were at all times pertinent to this cause of action, at all times relevant herein. The defendants are being sued in both their individual and official capacities. The defendants maintain an office address at: 300 Hillsboro Blvd. Manchester, TN 37355.

## IV. EXHAUSTION OF STATE REMEDIES

Grievances has been filed to this cause of action, to no avail. The defendants will not respond formally to the grievances filed. The defective grievance procedure

---

-2-   ¹ CONNOTES ALL PLAINTIFF/PARTIES

is being addressed in plaintiff's cause of action.

## V. PLAINTIFF'S CAUSE OF ACTION

CLAIM ONE: MISAPPROPRIATING MONETARY FUNDING THAT IS APPROPRIATED TO INSURE INMATES BASIC FUNDAMENTAL RIGHTS:

1. The plaintiff contends that defendants, GRAVES, FREEMAN and WELCH, acting seperately, or in concert with eachother, is denying plaintiffs (and other inmates so similar situated), their basic fundamental rights as follows, to-wit:

BEDDING:

2. The plaintiff contends that DEFENDANTS GRAVES, FREEMAN and WELCH is requiring COFFEE COUNTY jail inmates to sleep on concrete floors without the benefit of a prison and/or jail mattress.

3. The plaintiff contends that the above-named defendants use a shortage of funds as their excuse to

-3-

deny inmates access to a mattress to sleep on.

4. The plaintiff contends that x-amount of elder inmates are being required to sleep on concrete floors without the benefit of a jail mattress.

5. The plaintiff contends that he is being required to sleep on a concrete floor and the plaintiff has severe back and leg problems.

6. The plaintiff contends that he has filed two formal grievances about this problem - inwhich the defendants has not responded to.

PART TWO:

CLOTHING:

7. The plaintiff contends that defendants GRAVES, FREEMAN and WELCH is denying plaintiff (and other inmates so similar situated), access to proper clothing.

8. The plaintiff contends that inmates of the Coffee County jail is issued only one set of clothing during their time at the Coffee County jail, which includes both pre-trial inmates, and inmates who are sentenced

to the COFFEE COUNTY jail to serve misdemeanor and felony sentences.

9. The plaintiff contends that when an inmate sends out his one set of clothes to be washed, inmates are forced to walk around the housing pod naked and/or cover up with a blanket, if the inmate has one.

10. The plaintiff contends that said x-amount of clothing is usually torn in the crotch area of said clothing, consequently, force exposing inmates personal body parts.

11. The plaintiff contends this is exstremely embarrassing when inmates are required to go to court and visits.

12. The plaintiff contends that he has filed two grievances about this problem, all to no avail.

PART THREE:

SANITATION:

13. The plaintiff contends that defendants GRAVES,

Freeman and Welch is not requiring its incarcerated inmates to take a physical when booked into the Coffee County Jail.

14. The plaintiff would contend that most Tennessee jail and prisons require its medical staff to conduct physicals when booked into the their facility for the purpose to prevent infectious diseases.

15. The plaintiff would contend that said defendants do not adopt this standard; on the converse, defendants allow alot of inmates to enter the Coffee County Jail with lice, crabs, TB, Hepatitis A/B, (which is airborn), and HIV. (TB test is performed by medical staff, but usally not until two or three weeks after the inmate is booked into the Coffee County Jail*)

16. The plaintiff would contend that this type of above procedure by the defendants, puts plaintiff's life (and other similar situated inmates) in grave danger to contract these diseases.

17. The plaintiff would contend that he has filed two grievances about this, all to no avail - no answer from defendants.

6

BARBER EQUIPMENT:

18. The plaintiff would contend that the defendants Graves, Freeman and Welch do not allow the plaintiff, (and other inmates similar situated), access to a free-world barber.

19. The plaintiff would contend that each Tuesday barber equipment is brought from one housing pod to the other for the purpose to cut hair.

20. The plaintiff would contend that none of this barber equipment is sterilized.

21. The plaintiff would contend that x-amount of inmates has contracted head-lice

22. The plaintiff contends that he has filed two grievances about this issue - defendants never responded thereto.

23. Based upon reasonable knowledge and belief, the defendants are misappropriating monetary funding allocated to them for the purpose to safeguard inmates basic fundamental rights.

## CLAIM TWO: FIRE AND SAFETY CODE VIOLATIONS

24. The plaintiff would contend that the defendants Graves, Freeman and Welch has denied the plaintiff (and other inmates similar situated), the right to be protected in case of a fire.

25. The plaintiff would contend that none of the Coffee County jail housing pods has a sprinkler system in case of a fire.

26. The plaintiff further contends that none of the housing pods has secondary exits.

27. The plaintiff would contend that if a serious fire broke out in the Coffee County jail, inmates lives would be in grave danger.

28. The plaintiff has filed two grievances about this problem, but said grievances has not been responded to.

### SAFETY:

29. The plaintiff contends that each housing pod of the Coffee County jail is void of any camera's or intercom system to protect an inmates health and

well-being.

30. The plaintiff would contend that x-amount of inmates have become very sick. Whereas, to get the guards attention, an inmate has to beat on the housing pod cell bars. The assistance of a guard may take 20 minutes or two hours. The timing depends on where the guard is located.

31. The plaintiff would further contend that one lady died in the Coffee County jail just recently. It took several hours to get the guards assistance.

32. The plaintiff has filed two grievances about this problem - never answered by the defendants.

CLAIM THREE: NO REGULAR OUTDOOR EXERCISE

33. The plaintiff, (and other inmates so similar situated), are being denied the right to regular outdoor exercise for the purpose of fresh air and sunshine.

34. The plaintiff contends that they are lucky if they get to go outside once per month.

35. The plaintiff contends that the denial to regular

outdoor exercise constitutes cruel and unusal punishment, ruled upon by our highest courts many years ago.

36. The plaintiff would contend that he has filed two grievance about this problem, all to no avail.

CLAIM FOUR: DEFECTIVE VENTILATION SYSTEM:

37. The plaintiff would contend that the ventilation system at the Coffee County jail is grossly defective.

38. The plaintiff would contend that the return vents is clogged with dust and dirt.

39. The plaintiff contends that dust covers the walls and ceiling of the housing pods.

40. The plaintiff contends that the air ducts have not been cleaned in x-amount of months.

41. The plaintiff contends that he has filed two grievances to curtail this problem, all to no avail.

CLAIM FIVE: DENIAL ACCESS TO THE COURTS:

42. The plaintiff contends that defendants Graves, Freeman and Welch has incorporated a quasi-type satellite law library to ensure inmates access to the courts.

43. The plaintiff contends that the satellite law library is grossly outdated and is not proper to adequately do research.

44. The plaintiff contends that the library does not have any self-help litigation manuals, for e.g.: no rights of prisoner manuals showing inmates how to file a post-conviction.

45. The plaintiff contends that most of the T.C.A. law books have pages torn out.

46. The plaintiff contends that the above-named defendants is appropriated monetary funds to update the satellite law library but has failed to do so.

47. The plaintiff contends that he has filed two grievances to curtail the above problem — defendants have never answered.

CLAIM SIX: PLAINTIFF'S FORCED EXPOSED TO BLACK MOLD:

48. The plaintiff's would contend that defendants GRAVES, FREEMAN and WELCH is force exposing them to Black mold that is surfaced in different areas throughout the Coffee County jail.

49. The plaintiffs would contend that the ANNEX of the Coffee County jail is saturated with Black mold.

50. The plaintiff's would contend that the ventilation ducts of the Coffee County jail is saturated with Black mold.

51. The plaintiff's would contend that NONE of the defendants require its inmate workers to clean the Coffee County jail.

52. The plaintiff's would contend that the conditions of the Coffee County jail is gross, inhumane, degrading and shocking to the conscious of an evolving society.

53. The plaintiff's would contend that two grievances have been filed about this problem, all to no avail.

-12-

CLAIM SEVEN: DENIAL OF DUE PROCESS TO ADEQUATE GRIEVANCE PROCEDURE

54. The plaintiff's would contend that defendants GRAVES, FREEMAN and WELCH has incorporated a grievance procedure that denies the plaintiff's adequate remedies to resolve problems on an administrative level, and denies the plaintiff's a proper avenue to exhaust available state remedies.

55. The plaintiff's would contend that the defendants have promulgated an inmate grievance form that is defective for the following reasons: (see inmate grievance form, referred to as plaintiff's collective Exhibit No. 1).

56. The grievance form is one single sheet of paper. When you send the grievance to the above named defendants, you are not afforded a copy to insure that a grievance has been filed. On the converse, an inmate has to send the grievance to the defendants hoping that it will be addressed. The plaintiff's would contend, that none of the grievances filed to this cause of action has been addressed.

THE OHIO GRIEVANCE SYSTEM:
57. The plaintiffs would contend that the state of

Ohio has adopted a grievance system that insures an inmate due process. Whereas, when an inmates files a grievance in Ohio, the shift supervisor signs the grievance, including what date and time the grievance was filed, then gives the inmate a copy of the grievance.

58. The plaintiff's would contend that 80-90% of the grievances filed at the Coffee County jail are never responded to.

CLAIM EIGHT: ILLEGAL DISPENSING OF INMATE MEDICATIONS:

59. The plaintiff's would contend that defendants GRAVES, FREEMAN and WEICH are allowing its subordinate personnel to dispense medications to Coffee County jail inmates.

60. The plaintiff's would contend that said personnel is not licensed, bonded or insured to dispense medications.

61. The plaintiff's would contend that said personnel has been observed on many different occasions giving the wrong medications to different

inmates.

62. The plaintiff's would contend that this style of procedure is detrimental to all Coffee County Jail inmates.

63. WHEREAS, pursuant to the cause of actions filed herein, the plaintiff's 5th, 8th, and 14th amendments U.S. constitutional rights have been violated.

-15-

WHEREFORE, PREMISES CONSIDERED, the plaintiffs hereby make jury trial demand.

We, the undersigned plaintiffs to this cause of action, hereby swear under the penalty of perjury that the foregoing complaint is true to the best of our knowledge and belief.

1. Jay Perefoy
2. Tony Benson
3. Joe Bonner
4. [signature]
5. Anthony Jackson
6. Wayne Georgan
7. Brady McMahan
8. Trevor Boli
9. John Posey
10.

SWORN AND SUBSCRIBED BEFORE ME THIS
THE 23rd DAY OF August, 2010.
NOTARY PUBLIC Sandy F McKinney
MY COMMISSION EXPIRES ON 10/9/10

[Notary Seal: SANDY F. McKINNEY, STATE OF TENNESSEE, NOTARY PUBLIC, COFFEE COUNTY]

## VI. REQUESTED RELIEF

COMPENSATORY DAMAGES: EACH PLAINTIFF REQUEST A SUM OF TWENTY-FIVE THOUSAND (25,000) DOLLARS AGAINST THE DEFENDANTS

PUNITIVE DAMAGES: EACH PLAINTIFF REQUEST A SUM OF FIFTY-THOUSAND (50,000), DOLLARS IN PUNITIVE DAMAGES AGAINST THE DEFENDANTS.

-17-