UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOEY QUINTIN PERRYMAN et al., ) | |
| ) | |
| Plaintiffs, ) | No. 3:10-mc-00109 |
| ) | Judge Haynes |
| v. ) | |
| ) | |
| STEVEN GRAVES et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The Plaintiffs are eleven (11) prisoners in the Coffee County Jail in Manchester, Tennessee. Together they bring this *pro se* action under 42 U.S.C. § 1983, alleging that the conditions of confinement at the Coffee County Jail violate the Eighth Amendment of the United States Constitution, among other claims. (Docket No. 1). The Plaintiffs have not paid the three-hundred fifty dollar ($350.00) civil filing fee, nor have they submitted individual applications to proceed *in forma pauperis* in lieu thereof.

Because there are multiple Plaintiffs in this matter, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $31.82 of the filing fee. Any subsequent dismissal of a Plaintiff's case, even if voluntarily, does not negate that Plaintiff's responsibility to pay his portion of the filing fee. *Fox v. Koskinen*, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

## Plaintiff Joey Q. Perryman

As an initial matter, the court notes that Plaintiff Joey Quintin Perryman is subject to the three-strikes provision under 28 U.S.C. § 1915(g).[1] The Prison Litigation Reform Act (PLRA) provides the following under § 1915(g) with respect to prisoner-plaintiffs such as Plaintiff Perryman:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In other words, a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). Section 1915(g) does not provide an independent basis for dismissing an action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status. *Sweatt v. Campbell*, No. 99-6146, 2000 WL 658070, *1 (6th Cir. May 9, 2000). Of Plaintiff Perryman's many conditions-of-confinement claims, only three (3) **potentially** fall within the ambit of § 1915(g). The Court will discuss each of these three claims in turn.

---

[1] Cases that were dismissed as frivolous, malicious, or for failure to state a claim prior to the enactment of the PLRA count as strikes under the PLRA. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff Perryman has, on at least four prior occasions, filed a civil action or an appeal that has been dismissed as frivolous. *See Perryman v. Bless*, No. 86-5528, 1987 WL 36958 (6th Cir. April 3, 1987)(affirming the district court's dismissal of Perryman's complaint as frivolous); *Perryman v. Coleman*, No. 1:94-0126 (M.D. Tenn. 1994)(Higgins, J.)(dismissing Perryman's complaint as frivolous); *Perryman v. Staggs*, No. 3:95-0700 (M.D. Tenn. 1995)(Wiseman, J.)(dismissing Perryman's complaint as frivolous). The number of the case upheld on appeal by the Sixth Circuit is no longer available.

1. **No physical examinations of inmates prior to incarceration**

In "Part Three" of his Complaint, Plaintiff Perryman asserts that the Defendants do not require inmates to undergo physical examinations before they are booked at the Coffee County Jail. (Docket No. 1, ¶ 13, p.6). As a result, Plaintiff Perryman alleges that "defendants allow a lot of inmates to enter the Coffee County Jail with lice, crabs, TB, Hepatitis A/B, (which is airborn) [sic], and HIV" which "puts plaintiffs' life (and other similarly situated inmates) in grave danger to contract these diseases", presumably due to the possibility that he and other inmates will contact an infectious disease from another inmate. (Docket No. 1, ¶¶ 15-16, p.6).

The Eighth Amendment is implicated when a prison official is deliberately indifferent to a living condition which poses a substantial risk of serious harm to an inmate. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An Eighth Amendment claim has both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* According to the United States Supreme Court, determining whether a condition of confinement meets the objective factor of the Eighth Amendment test

> requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Hall v. Jarrigan*, No. 2:07-CV-127, 2008 WL 5377893, at *5 (E.D. Tenn. Dec. 18, 2008)(quoting *Helling v. McKinney*, 509 U.S. 25, 26 (1993)).

Here, Plaintiff Perryman alleges that, because inmates are not required to undergo a physical examination prior to their incarceration at the Coffee County Jail, he is in "grave danger" of being

3

exposed to any number of infectious diseases. Notably, Plaintiff Perryman has not alleged that any inmate in the Coffee County Jail mentioned in his Complaint is – in fact – infected with a communicable disease or an infection which poses a risk of harm to Plaintiff Perryman or other inmates. Neither has Plaintiff Perryman alleged that he has contacted an infectious disease or condition, or suffered a physical injury, as a result of the inclusion of infected inmates at the Coffee County Jail.[2] As such, the Court finds that Plaintiff Perryman has not alleged or shown that he is in "imminent danger of serious physical injury."

## 2. No cameras or intercoms in housing pods causing delay in response time

In "Part Three" of the complaint, Plaintiff Perryman claims that, due to lack of cameras and an intercom system in the housing pods of the Coffee County Jail, inmates are unable to obtain an immediate response from guards when a safety or medical need arises. (Docket No. 1, ¶¶ 29-30, pp. 8-9). The Plaintiff alleges that, to get a guard's attention, an inmate "has to beat on the housing pod cell bars" and it may take twenty (20) minutes to two (2) hours to get a guard's attention. (Docket No. 1, ¶ 30, p. 9). According to Plaintiff, "x-amount of inmates have become very sick" due to the

---

[2]*See e.g., Bolton v. Goord*, 992 F. Supp. 604 (S.D.N.Y. 1998)(finding that, while the practice of putting inmates who have serious communicable diseases together may be actionable under the Eighth Amendment, there was no evidence that inmates with active tuberculosis were housed with the plaintiff prisoners, so no actionable claim was stated); *Andrews v. Cervantes,* 493 F.3d 1047, 1058 (9th Cir. 2007)(reversing district court's finding that three-striker had not alleged serious threat of "imminent danger" for § 1915(g) purposes where prisoner alleged that he was forced to share a cell with other inmates who had HIV and hepatitis C, cellmates engaged without his permission in practices that could involve blood contact, and that prisoner had himself contacted hepatitis C while incarcerated); *Johnson v. United States,* 816 F. Supp. 1519, 1524-25 (N.D. Ala. 1993)(finding that inmate failed to show Eighth Amendment violation where plaintiff prisoner was housed with HIV positive cellmate, where plaintiff had not alleged that his former cellmate engaged in conduct which would expose him to a high risk of contracting AIDS or presented any facts or allegations from which it might be inferred that the decision to house and AIDS infected inmate with the plaintiff evidenced a deliberate indifference to his serious medical needs).

4

delay and "one lady died in the Coffee County Jail just recently" because it "took several hours to get the guards['] assistance." (Docket No. 1, ¶¶ 30-31, p. 9).

Here, although the Plaintiff alleges that the lack of cameras and intercoms in the jail housing pods delay the guards' response time to emergencies, and that an unidentified number of inmates "have become sicker" and that one inmate died as a result of guards' delayed response time, the Plaintiff has not alleged that he **personally** has suffered any harm due to the lack of cameras or an intercom system. Neither has the Plaintiff alleged that, for example, he suffers from a particular medical condition that necessitates an immediate response and that the lack of cameras and an intercom system impedes the guards' ability to provide an immediate response. Nor has the Plaintiff alleged that there is any particular reason why he fears for his safety, such as that his cellmate has threatened to harm him. Accordingly, the Court finds that Plaintiff Perryman has not alleged or shown that he is in "imminent danger of serious physical injury" due to the lack of cameras or an intercom system in the housing pods of the Coffee County Jail.

### 3. Exposure to black mold

Finally, in "Claim Six" of the Complaint, Plaintiff Perryman alleges that he and the other Plaintiffs are being exposed to black mold throughout the Coffee County Jail. Specifically, he contends that the jail annex and the ventilation ducts of the jail are "saturated" with black mold. (Docket No. 1, ¶¶ 48-50, p. 12). The Plaintiff states that, because of the black mold and the generally filthy conditions of the jail, the conditions of confinement at the Coffee County Jail are "gross, inhumane, degrading, and shocking to the conscious [sic] of an evolving society." (Docket No. 1, ¶ 52, p. 12).

Although the Plaintiff alleges that his incarceration at the Coffee County Jail exposes him to black mold, the Plaintiff does not allege that his exposure to black mold has caused him to suffer any physical harm or will cause him to suffer harm in the future. *See McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *4 (W.D. Mich. Sept. 10, 2007)(recommending dismissal of *pro se* prisoner's § 1983 claim where "Plaintiff does not present any evidence that his exposure to black mold caused him anything beyond his unsubstantiated, perceived risk of future medical issues. In his complaint, he does not allege that he has actually suffered any effects from his alleged exposure to black mold."); *Leonard v. Ohio Dep't of Rehabilitation and Corr.*, No. 2:09-CV-961, 2010 WL 3001631, at *1 (S.D. Ohio July 30, 2010)(adopting the report and recommendation to dismiss *pro se* prisoner's Eighth Amendment claim based on exposure to black mold, finding that "Plaintiff has not come forward with evidence to show that he is presently suffering a health condition due to exposure to mold and absestos or that his future health is at risk."); *but see Smith v. Leonard*, 244 Fed. Appx. 583, 583 (5th Cir. 2007)(finding that *pro se* prisoner stated a § 1983 claim for violation of his Eighth Amendment rights when he alleged that his forced exposure to black mold while incarcerated had caused and continued to cause headaches, sinus problems, trouble breathing, blurred vision, irritated eyes, and fatigue). As such, the Court cannot find that Plaintiff Perryman has alleged or shown that he is in "imminent danger of serious physical injury" due to the alleged presence of black mold at the jail.

In short, the Court finds that Plaintiff Perryman has failed to establish that he is "under imminent danger of serious physical injury" because of the conditions of confinement about which

he complains.[3] Accordingly, had Plaintiff Perryman submitted an application to proceed *in forma pauperis* in this matter, his application would have been denied under § 1915(g). To require him to do so now would be superfluous.

In *In re Alea*, 286 F.3d 378 (6th Cir. 2002), the Sixth Circuit stated the following with respect to inmates with three strikes under § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions – whatever their merit or disposition – will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints – thus taking much valuable time away from other non-frivolous litigation – without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*Id.* at p. 382. With respect to the foregoing, the Sixth Circuit stated that, "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his

---

[3]This finding does not speak to the merits of Plaintiff Perryman's claims; it speaks only to whether Plaintiff Perryman has alleged that he is "under imminent danger of serious physical injury."

7

action may be burdensome, it is not unfair." *Id.*

Plaintiff Perryman has thirty (30) days from the date of entry of this order to remit his portion of the civil filing fee ($31.82). Plaintiff Perryman is forewarned that, failure to remit his portion of the filing fee will result in his claims being dismissed for want of prosecution, and his portion of the filing fee being assessed against him anyway. *Id.* An extension of time to pay the filing fee may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this Order. *Floyd*, 105 F.3d at 279.

### Plaintiffs Thomas and McCormick

Plaintiffs Joseph Daniel Thomas and Barry Lynn McCormick have not signed the complaint. (Docket No. 1 at p. 16). As per Rule 11(a), *Fed. R. Civ. P.*, every pleading must be signed by a party *personally* if the party is unrepresented. Therefore, the Clerk shall make two copies of the Plaintiffs' complaint: one for the Court's records and one for Plaintiff McCormick. The Clerk shall return the original complaint to Plaintiff Thomas for his signature. The Clerk shall send a copy of the original complaint to Plaintiff McCormick for his signature.

Plaintiffs Thomas and McCormick are directed to sign and return the complaint sent to each of them by the Court within fifteen (15) days of receipt of this Order. Failure to comply with the Court's order could result in the dismissal of their action. Once returned, the Clerk shall attach the signed copy of the complaint as an addendum to the original complaint for docketing purposes.

### All Plaintiffs Excluding Plaintiff Perryman

As noted above, the Plaintiffs have not paid the three-hundred fifty dollar ($350.00) civil filing fee, nor have they submitted individual applications to proceed *in forma pauperis* in lieu thereof.

The Clerk is **DIRECTED** to send each of the Plaintiffs, excluding Plaintiff Perryman, a copy of Administrative Order No. 93 and a blank application to proceed *in forma pauperis*. Administrative Order No. 93 provides that a prisoner's application to proceed *in forma pauperis* must include a signature of the authorized custodian of prison accounts that has been "properly notarized by a licensed notary public of the State of Tennessee." Further, 28 U.S.C.§ 1915(a)(2) requires that a prisoner's application to proceed *in forma pauperis* must include a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the filing of his complaint.

Each Plaintiff, excluding Perryman, in turn, is directed to do one of the following within thirty (30) days of the date that he receives this Order: **either** (1) pay his portion of the three hundred fifty dollar ($350.00) filing fee; **or** (2) return to the district court a properly completed application to proceed *in forma pauperis* in compliance with Administrative Order No. 93 and 28 U.S.C.§ 1915(a)(2), if applicable. **In addition**, as outlined above, Plaintiffs Thomas and McCormick must sign and return the complaint.

Each Plaintiff is forewarned that, if he does not comply with this order within the time specified, the court is required to presume that he is not a pauper, assess his portion of the filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id*.

An extension of time to submit the required 6-month statement, or to pay the filing fee, may be requested from this court if a motion for an extension of time is filed within thirty (30) days of

the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

An appropriate Order will enter.

_____
William J. Haynes, Jr.
United States District Judge
10-20-18