UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOEY QUINTIN PERRYMAN et al., | ) | 3:12cv109 |
| --- | --- | --- |
| Plaintiffs, | ) | No. 3:10-mc-00109 |
| | ) | Judge Haynes |
| v. | ) | |
| STEVEN GRAVES et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM

I. **Introduction**

Eleven (11) Plaintiffs initially brought this *pro se* action under 42 U.S.C. § 1983, alleging that the conditions of confinement at the Coffee County Jail violate the Eighth Amendment of the United States Constitution, among other claims. (Docket No. 1). On September 6, 2011, the Court allowed a twelfth Plaintiff to join this action. (Docket No. 14).

By Order dated June 2, 2011, the Court dismissed the claims of Plaintiffs Josey, Thomas, Jackson, McCormick, Yeargan, and Benson for those Plaintiffs' failure to prosecute. (Docket No. 34).

Because none of the Plaintiffs initially had submitted the civil filing fee or individual applications to proceed *in forma pauperis*, on October 20, 2010, the Court ordered each Plaintiff to pay his portion of the filing fee or to submit a completed application to proceed *in forma pauperis*. (Docket Nos. 3 & 4). Because there are multiple Plaintiffs in this matter, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $29.17 (or one-twelfth) of the civil filing fee.

The Court advised Plaintiff Perryman that, because he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and had not demonstrated that he was in imminent danger of serious bodily harm, he could not proceed as a pauper. Plaintiff Perryman, therefore, was given thirty (30) days to remit his portion of the civil filing fee. (*Id.*) The Court advised Plaintiff Perryman that an extension of time to pay the filing fee may be requested from this Court if a motion for an extension of time is filed within thirty (30) days of the date of entry of the Court's Order. (*Id.*)

II. **Plaintiff Joey Q. Perryman**

The Court previously determined that Plaintiff Perryman, a "three striker" under 28 U.S.C. § 1915(g), had not alleged that he had contacted an infectious disease or condition, or suffered a physical injury, as a result of the inclusion of infected inmates at the Coffee County Jail. As such, the Court found that Plaintiff Perryman had not alleged or shown that he was in "imminent danger of serious physical injury." (Docket No. 3).

However, in a subsequent filing with the Court, Plaintiff Perryman testified by affidavit that, due to the conditions of confinement about which he complains at the Coffee County Jail, after the filing of his Complaint the Plaintiff contracted a potentially fatal methicillin-resistant Staphylococcus aureus (MRSA) infection.[1] (Docket No. 13). Plaintiff Perryman stated that, as a result of the MRSA infection, he was hospitalized on three (3) different occasions and required surgery to treat the MRSA infection. (*Id.*) He further stated that his bladder and kidneys nearly failed as a result of the MRSA infection. (*Id.*)

---

[1] According to webmd.com, MRSA is a bacterium that causes infections in different parts of the body. It is more difficult to treat than most strains of staphylococcus aureus because it is resistant to some commonly used antibiotics. Most often, MRSA causes mild infections on the skin, causing sores or boils. MRSA can also cause more serious skin infections or infect surgical wounds, the bloodstream, the lungs, or the urinary tract. Some MRSA infections can be life threatening. Many public health experts are alarmed by the spread of tough strains of MRSA. Because it is hard to treat, MRSA is sometimes called a "super bug." www.webmd.com (MRSA Dec. 7, 2011).

The Plaintiff's MRSA allegations, received within thirty (30) days of the entry of the Court's prior Order, may be sufficient to demonstrate that Plaintiff Perryman is under imminent danger of serious bodily harm. However, because these allegations were made over a year ago, the Court is unable to discern whether the MRSA threat to Plaintiff Perryman remains imminent. Plaintiff Perryman therefore will be given thirty (30) days to explain whether such a threat remains at this time. Plaintiff Perryman is forewarned that failure to respond to the Court's Order may result in the dismissal of his claims.

### III. Plaintiffs Bennett and Bolin

Administrative Order No. 93 provides that a prisoner's application to proceed *in forma pauperis* must include a signature of the authorized custodian of prison accounts that has been "properly notarized by a licensed notary public of the State of Tennessee." Further, 28 U.S.C.§ 1915(a)(2) requires that a prisoner's application to proceed *in forma pauperis* must include a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the filing of his complaint.

The Court previously denied (Docket Nos. 64 and 65) the applications to proceed *in forma pauperis* submitted by Plaintiffs Bennett and Bolin (Docket Nos. 23 and 24). These applications were denied because the Plaintiffs' applications were not notarized. (*Id.*) Attached to Plaintiffs Bennett and Bolin's *in forma pauperis* applications was a memorandum by jail notary Sandy McKinney stating that her notary seal had expired on October 9, 2010, and explaining as follows:

> I have applied to have it renewed but it sometimes takes months for it to be approved and for me to get a new expiration date. There is no one available to notarize here but if you contact your attorney I am sure they have a notary public in their office that can notarize for you or you may get a notary on your own which will be allowed to come and notarize for you.

3

(Docket Nos. 23-1 and 24-1). Plaintiff Bennett and Bolin's applications did not include a certified copy of their inmate trust fund account statements.

Due to the documented issue with the jail notary,[2] both Plaintiff Bennett and Bolin will be given an additional thirty (30) days within which to **either** (1) pay his portion of the three hundred fifty dollar ($350.00) filing fee; **or** (2) return to the district court a properly completed application to proceed *in forma pauperis* in compliance with Administrative Order No. 93 and 28 U.S.C.§ 1915(a)(2). The latter must include a certified copy of the each inmate trust fund account statement as well as a notarized *in forma pauperis* application or a statement explaining the Plaintiff's unsuccessful attempt to obtain notary services.

If either Plaintiff does not comply with this Order within the time specified, the Court is required to presume that he is not a pauper, assess his portion of the filing fee, and order his claims dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id.* No further extensions regarding the submission of the filing fee or a completed application to proceed *in forma pauperis* will be given to Plaintiff Bennett or Plaintiff Bolin.

IV. <u>**Plaintiff Blackburn**</u>

In response to the Court's deficiency order of October 10, 2010, Plaintiff Blackburn has

---

[2]*See* Docket No. 15, Attachment 2 (letter from United States District Court Pro Se Staff Attorney addressing Plaintiff Perryman's concern about his "inability to get jail officials to notarize" his Section 1983 complaint and instructing the Plaintiff to submit the *in forma pauperis* application unnotarized, along with a statement explaining his unsuccessful attempt to obtain notary services).

4

neither submitted his portion of the civil filing fee nor an application to proceed as a pauper. He has not sought an extension of time within which to comply with the Court's Order. Accordingly, Plaintiff's Blackburn's claims will be dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## V. Plaintiffs Hosch and McMahan

The Court previously granted (Docket Nos. 56 and 57) Plaintiffs Hosch and McMahan's applications to proceed *in forma pauperis* (Docket Nos. 15 and 22). The accompanying Order establishes the installment plan required by 28 U.S.C. §§ 1915(b)(1)(A) and (B) with regard to these Plaintiffs.

## VI. Conclusion

When all of the Plaintiffs' *in forma pauperis* applications have been resolved and/or the filing fees have been submitted, the Court will conduct the required frivolity review of the remaining Plaintiffs' claims. 28 U.S.C. § 1915A.

An appropriate Order will enter.

_____
William J. Haynes, Jr.
United States District Judge

1 - 26 - 12